UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UPSTATE NEW YORK ENG'RS HEALTH FUND,
by Daniel P. Harrigan, as Admin.; UPSTATE NEW
YORK ENG'RS PENSION FUND, by Daniel P. Harrigan,
as Admin.; UPSTATE NEW YORK ENG'RS S.U.B.
FUND, by Daniel P. Harrigan, as Admin.; UPSTATE
NEW YORK ENG'RS TRAINING FUND, by Eugene
Hallock and Theron Hogle, as Trustees; CENT. PENSION            CIV. ACTION NO.
FUND OF THE INT'L UNION OF OPERATING ENG'RS                     5:13-CV-1225
AND PARTICIPATING EMP'RS, by Michael R. Fanning,                (GTS/DEP)
as Chief Exec. Officer; LOCAL 106 TRAINING AND
APPRENTICESHIP FUND, by Daniel J. McGraw and
Eugene Hallock, as Trustees; and UPSTATE  NEW YORK
OPERATING ENG'RS, LOCAL UNION NO. 158, by
Theron Hogle, as President,

                                  Plaintiffs,

v.

HAYES PAVING, INC.; and BRIAN HAYES, Individually
and as an Officer of Hayes Paving, Inc.,

                                  Defendants.
_____

GLENN T. SUDDABY, United States District Judge

## ORDER GRANTING DEFAULT JUDGMENT

Currently before the Court, in this Employee Retirement Income Security Act of 1974 ("ERISA") action by the above-captioned Plaintiffs against the above-captioned Defendants, is Plaintiffs' unopposed motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 17.) The Court has carefully considering the papers in this action, including the following: (1) the Summons and Complaint with proof of service thereof (Dkt. Nos. 1, 2, 6, 7); (2) the Entry of Default filed January 29, 2014 (Dkt. No. 10); (3) the affidavit of Jennifer A. Clark, Esq., dated May, 6, 2014 (Dkt. No. 17, Attach. 1); (4) the affidavit of Daniel P. Harrigan, dated April, 14,

2014 (Dkt. No. 17, Attach 4); (5) the affidavit of Daniel J. McGraw, dated April, 11, 2014 (Dkt. No. 17, Attach. 5); (6) the affidavit of Michael R. Fanning, dated April, 28, 2014 (Dkt. No. 17, Attach. 3); (7) the affidavit of Linda L. DeMacy, dated May 5, 2014 (Dkt. No. 17, Attach. 2); and (8) Plaintiff's memorandum of law (Dkt. No. 17, Attach. 6). After doing so, the Court finds that Plaintiffs' motion is supported by a showing of cause, except with regard to their request for attorneys' fees, which is reduced from $3,157.90 to $2,339.50.[1] The Court also finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay in entering final judgment against Defendants because Plaintiffs might be prejudiced by a delay in recovering a monetary award against Defendants and because entry of judgment will not affect the remaining litigation against Defendants.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion for default judgment (Dkt. No. 17) is **GRANTED** as modified by note 1 of this Order; and it is further

**ORDERED** that the Clerk of the Court shall enter Judgment in favor of Plaintiffs and against Defendants for the relief demanded in the First, Third and Fourth Causes of Action of Plaintiff's Complaint (Dkt. No. 1); and it is further

---

[1] Although not expressly stated, Plaintiffs' request for attorneys' fees appears based on an hourly rate of between $276 and $282 for Plaintiff's counsel (depending on the year of work) and an hourly rate of between $152 and $154 for her three paralegals (again, depending on the year of work). (Dkt. No. 17, Attach. 1.) Even considering the extensive experience of Plaintiffs' counsel and one of her paralegals in these matters, the Court finds (from its experience, a recent report from the Northern District of New York Federal Court Bar Association, and a review of the relevant caselaw) that the prevailing hourly rates for such work of this complexity in this community during the times in question were as follows: $250 for work by experienced attorneys, $115 for work by experienced paralegals, and $80 for work by lesser-experienced paragraphs. As a result, the Court computes Plaintiffs' reasonable attorneys' fees as follows: ($250 per hour x 5.9 hours = $1,475) + ($115 per hour x 2.3 hours = $264.50) + ($80 per hour x 7.5 hours = $600) = $2,339.50.

**ORDERED** that, more specifically, the Clerk of the Court shall enter Judgment in favor of Plaintiffs and against Defendants (individually and as an officer of Hayes Paving, Inc.) for the sum of **$15,832.12**, plus interest thereon at the rate provided for by 28 U.S.C. § 1961(a); and it is further

**ORDERED** that Defendants must produce, within **THIRTY (30) DAYS** of entry of this Order, their books and records for the period April 1, 2012, to date for Plaintiffs' review and audit, pay the cost and expense of such audit, and pay all attorneys' and paralegal fees and costs incurred in obtaining that audit; and it is further

**ORDERED** that this Court retains jurisdiction to enter judgment in favor of Plaintiffs and against Defendants for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees.

Date: February 4, 2015
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge